UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER,<br><br>             Plaintiff,<br><br>  v.<br><br>JOHN DIXON, No. 50239, Police Officer, Hawthorne Police Department, et al.,<br><br>             Defendants. | Case No. CV 16-3623 SJO (SS)<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>**DISMISSING COMPLAINT WITH**<br><br>**LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On May 16, 2016,[1] Norris Dajon Miller ("Plaintiff"), a California state prisoner proceeding pro se, filed a Complaint

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed on the date when the prisoner delivers it to prison authorities for mailing, not the date on which the pleading is received by the court. See Douglas v. Noelle, 567 F.3d 1103, 1106-07 (9th Cir. 2009). Here, the Court deems the Complaint filed on May 16, 2016, the date that the Complaint was signed. (Complaint at 5). Throughout this Order, the Court cites the Complaint as though it is continuously paginated.

pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. (Dkt. No. 1). Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues the following individuals: (1) Officer John Dixon of the Hawthorne Police Department; (2) Officer Sean Judd of the Hawthorne Police Department; and (3) Charlie Beck, the Chief of Police at "LAPD" (collectively "Defendants"). (Complaint at 2).

Plaintiff alleges that, on February 10, 2016, Dixon and Judd assaulted Plaintiff in front of a restaurant in Hawthorne, California. (Id. at 3). Plaintiff claims that, while he was lying on the ground, Judd "put his knee in [Plaintiff's] back extremely hard," which prevented Plaintiff from breathing, and Judd then handcuffed Plaintiff "extremely tight." (Id.). Dixon allegedly

2

"punched [Plaintiff] in [his] rib cage twice maliciously and sadistically to cause harm while [Plaintiff] was handcuffed [and] pinned to the ground." (Id.). Plaintiff alleges that Dixon and Judd were "under [Beck's] command" and that Beck ordered them to assault Plaintiff. (Id. at 4).

Plaintiff claims that during the assault he could not breathe due to his asthma; his rib cage hurt for three days following the assault; and he now suffers from "heartache," pain, "bad nerves," and "emotional stress." (Id. at 3-5). Plaintiff maintains that he was never read his Miranda rights, he "didn't do anything wrong," and he was not permitted to make a statement to the police about the assault. (Id. at 3-4). Plaintiff claims that Defendants' conduct violated the Eighth and Fourteenth Amendments[2] and seeks seven hundred million dollars in damages. (Id. at 3-5).

\\
\\
\\
\\

---

[2] The Complaint provides little factual context for the assault, except to state that it occurred outside of a restaurant. Depending on the attendant circumstances and Plaintiff's status at the time of the assault, Plaintiff's claims may also be cognizable under the Fourth Amendment. See, e.g., Hooper v. County of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011) ("[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." (citing Graham v. Connor, 490 U.S. 386 (1989))).

## III.

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to pleading defects. However, the Court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). For reasons discussed below, it is not "absolutely clear" that the defects of Plaintiff's Complaint could not be cured by amendment, and the Complaint is therefore DISMISSED with leave to amend.[3]

**Plaintiff Fails To State A Claim Against Defendant Beck**

Plaintiff alleges that Dixon and Judd were under Beck's command and that Beck ordered them to assault Plaintiff. (Complaint at 4). Because vicarious liability is inapplicable to section 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The plaintiff must establish either the official's personal participation in the unlawful conduct or "a sufficient causal connection" between the official's conduct and the alleged

---

[3] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

constitutional violation. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiff's allegations that Beck violated Plaintiff's constitutional rights are conclusory, vague, and implausible. The Complaint contains no specific factual allegations that Beck was personally involved in or caused the assault. Moreover, while the Complaint correctly identifies Beck as the Chief of Police for the "LAPD," i.e., the City of Los Angeles Police Department, the Complaint fails to establish any connection between the LAPD and the Hawthorne Police Department.[4]

Plaintiff has not plausibly pled that Dixon and Judd, who were officers of the police department of the City of Hawthorne, were under the command of or supervised by Beck, the Chief of Police for Los Angeles. Absent more specific allegations, Plaintiff has

---

[4] The Court takes judicial notice of the fact that the Hawthorne Police Department is an entity separate from the LAPD, with its own Chief of Police, and the LAPD does not station officers in Hawthorne, California. See "About Us," available at http://hawthornepolice.com/about-us (accessed July 25, 2016); "Los Angeles Police Department Bureaus and Areas," available at www.lapdonline.org/home/pdf_view/40022 (accessed July 25, 2016); see also United States v. Perea-Rey, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (court may take judicial notice of maps and geography). The Court also takes judicial notice of the fact that Beck has been Chief of Police for the LAPD since 2009. See "Charles L. Beck: Commanding Officer, Detective Bureau," available at http://www.lapdonline.org/lapd_command_staff/comm_bio_view/7579 (accessed July 25, 2016); see also Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (citing Fed. R. Evid. 201)).

not plausibly pled Beck's personal involvement in violating Plaintiff's civil rights or any causal connection between any of Beck's actions and any constitutional violations. Accordingly, Plaintiff's claims against Beck must be dismissed. Because these deficiencies might be cured by additional allegations more clearly establishing Beck's involvement or by omitting Beck from any First Amended Complaint, leave to amend is warranted.

## IV.
## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement

of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument. **Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis. Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED: July 25, 2016

                                            /S/
                                      SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE

    **THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**

**<u>NOTICE</u>**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.